UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PATTON,<br><br>    Petitioner,<br><br>    v.<br><br>DEBORAH ASUNCION, Warden,<br><br>    Respondent. | Case No. CV 17-0181 CJC (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Petition, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's Objections. After having made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

Petitioner's Objections largely reassert prior arguments that were addressed and rejected in the Report and Recommendation. However, two contentions warrant brief attention. Petitioner asserts that the Magistrate Judge misconstrued Ground Fourteen, in which he claimed that he was denied the right to represent himself in violation of *Faretta v. California*, 422 U.S. 806, 832 (1975). (Obj. at 4). According to Petitioner, that claim

1

did not concern the denial of law library access after he was granted *pro per* status in December 2014, *i.e.*, following his conviction but prior to sentencing, as the Magistrate Judge had surmised. (*Id.*). Instead, Petitioner contends that the claim was based on the trial court's denial of his request to represent himself "way before" that time, "almost at the end of the public defender representation." (*Id.*).

Although not expressly cited by Petitioner, a minute order in the Clerk's Transcript reflects that on April 28, 2014, after the commencement of trial proceedings at 2:21 p.m., with a panel of fifty-five prospective jurors present in the courtroom, Petitioner's counsel informed the court at a side bar that Petitioner wanted to represent himself, but could not announce that he was ready for trial that day. (1 CT 161). While the prospective jurors were completing a voir dire questionnaire outside of the courtroom, the court denied Petitioner's request to proceed *pro per* as untimely. (*Id.*). After submitting their questionnaires, the prospective jurors were ordered to return to the courtroom at 3:20 p.m., when voir dire began. (*Id.*). Jury selection continued the following morning at 10:45 a.m. (1 CT 162, 167). After the lunch recess, Petitioner's public defender announced a conflict of interest because her office was representing the victim in a separate pending action and had previously represented the victim on five separate occasions, and the court declared a mistrial. (1 CT 166; 2 RT A-9 - A-10). The Court appointed panel counsel to represent Petitioner. (2 RT A-11). Petitioner's trial with new counsel began on September 17, 2014, (2 RT 301), and concluded on September 23, 2014 with his conviction. (2 RT 1512). Petitioner does not appear to have renewed his request to represent himself until December 3, 2014, which was granted, with Petitioner's panel counsel appointed as standby counsel. (2 CT 316). Petitioner, proceeding *pro per*, was sentenced that same day. (2 CT 320).

A criminal defendant has a Sixth Amendment right to conduct his own defense. *See Faretta*, 422 U.S. at 832. However, as "*Faretta* itself and later cases have made

clear[,] the right of self-representation is not absolute." *Indiana v. Edwards*, 554 U.S. 164, 171 (2008). For a request to waive the right to counsel to be valid, the defendant must be competent and the request must be "timely, not for the purposes of delay, unequivocal, and knowing and intelligent." *United States v. Arlt*, 41 F.3d 516, 519 (9th Cir. 1994). The Supreme Court has not specified exactly when a *Faretta* motion must be made in order to be "timely." *See Marshall v. Taylor*, 395 F.3d 1058, 1061 (9th Cir. 2005). *Faretta* incorporates an implicit timing element to the extent that the Court found that Faretta's motion should have been granted, in part, because it was brought "weeks before trial." *Id.* at 1060-61. But beyond finding that a motion brought "weeks before trial" is "timely," *Faretta* does not provide any additional guidance on when a motion to represent oneself is timely or untimely, and the Supreme Court has not clarified the issue in subsequent decisions. Accordingly, under AEDPA, "[b]ecause the Supreme Court has not clearly established when a *Faretta* request is untimely, other courts are free to do so as long as their standards comport with the Supreme Court's holding that a request 'weeks before trial' is timely." *Marshall*, 395 F.3d at 1061 (state court did not violate clearly established Supreme Court precedent by concluding that a *Faretta* motion brought on the first day of trial was untimely); *see also Burton v. Davis*, 816 F.3d 1132, 1141 (9th Cir. 2016) (denial of *Faretta* request made "three court days before the jury was empaneled" does not "clearly entitle [petitioner] to [habeas] relief").

Here, the trial court's decision to deny Petitioner's *Faretta* motion, brought on the first day of trial, on timeliness grounds plainly comports with *Faretta*'s implicit "timing element" and does not entitle Petitioner to habeas relief. *Marshall*, 395 F.3d at 1060. Furthermore, because the trial court declared a mistrial the day after denying Petitioner's *Faretta* motion, Petitioner had approximately four and a half months before trial resumed to renew his *Faretta* motion, but did not. While a defendant "need not make fruitless motions . . . or refuse to cooperate with defense counsel" after a judge "has conclusively denied a request to proceed *pro se*," *Arlt*, 41 F.3d at 523, in these unique circumstances,

where the trial court's *sole* ground for denying Petitioner's *Faretta* motion was that it was untimely, Petitioner's failure to renew his *Faretta* motion after trial was continued strongly suggests that Petitioner abandoned his desire to represent himself.

Petitioner also claims in his Objections that his ineffective assistance of counsel claims were not limited to trial counsel, but encompassed appellate counsel as well. (Obj. at 6). "[T]he right to effective assistance of counsel is not confined to trial, but extends also to the first appeal as of right." *Kimmelman v. Morrison*, 477 U.S. 365, 378 n.2 (1986). The standard for establishing a claim of ineffective assistance of appellate counsel is the same as for trial counsel: the petitioner must show that his appellate counsel was deficient and that the deficient performance prejudiced him. *Smith v. Robbins*, 528 U.S. 259, 285, 289 (2000); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Cockett v. Ray*, 333 F.3d 938, 944 (9th Cir. 2003).

Petitioner has not identified a single meritorious claim that his appellate counsel failed to raise. Instead, Petitioner cites claims that, as the Court has already explained, are baseless. "Counsel is not required to raise an 'untenable issue' on appeal." *Rogovich v. Ryan*, 694 F.3d 1094, 1106 (9th Cir. 2012) (citations omitted); *see also Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001) ("[Petitioner] cannot sustain his claim for ineffective assistance of appellate counsel because the issues he raises are without merit"). Accordingly, all of Petitioner's Objections are overruled.

\\
\\
\\
\\
\\
\\

IT IS ORDERED that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 24, 2020

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE